UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LIMA,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN, FCI MENDOTA,<br><br>                    Respondent. | No.  1:22-cv-01472-HBK (HC)<br><br>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION[1]<br><br>(Doc. No. 19) |

      Petitioner Jose Lima ("Petitioner" or "Lima"), a former federal inmate who is currently serving supervised release, initiated this action on September 27, 2022, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at Federal Correctional Institution ("FCI") Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition").  The Petition challenges the execution of Petitioner's sentence.  (*Id*. at 4).  Specifically, the Petition raises two claims: (1) the Bureau of Prisons ("BOP") violated Lima's Eighth Amendment rights "by holding him in custody well past his release date and in contravention of the First Step Act"; and (2) the BOP has failed to award Lima earned time credits, thereby violating the First Step Act.  (Doc. No. 1 at 7); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. No. 18).

1

evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).  Lima argues he is entitled to 18 months of earned time credit under the First Step Act, and requests that the Court "issue an injunction compelling the BOP to immediately calculate and award Petitioner all of the earned time credits he is entitled to." (Doc. No. 1 at 7-8).

In response, Respondent filed a Motion to Dismiss with Appendix on February 11, 2023.  (Doc. No. 19, 19-1).  Respondent argues the Court lacks jurisdiction because Lima's release from custody moots the Petition.  (Doc. No. 19 at 2)., In the alternative, dismissal is mandatory because Lima did not exhaust his administrative remedies.  (*Id.*).  Lima did not file a response to the motion, nor request an extension of time to respond, and the time for doing so has expired.  (*See* Doc. No. 15 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss).  For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I.  BACKGROUND

### A.  Procedural History

In 2015, Lima pled guilty in the Southern District of Florida for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and sentenced to serve *inter alia* 120 months of federal incarceration.  *See United States v. Gonzalez et al.*, 15-cr-20395-RNS-2, Crim. Doc. Nos. 11, 74, 95 (S.D. Fla.).[2]  At the time Lima filed the Petition, he was incarcerated in FCI Mendota.  However, after Lima filed the instant Petition demanding a recalculation of his earned time credit under the First Step Act, BOP completed an FSA review of Lima's sentence and released him from incarceration on January 19, 2023.  (Doc. No. 19 at 2; Doc. No. 19-1 at 2-3).

### B.  The First Step Act I

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms.  First Step

---

[2] The undersigned cites to the record in Petitioner's underlying SDFL criminal cases as "Crim. Doc. No. _."

Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  One such reform under the First Time Act entailed the implementation of Federal Time Credits ("FTCs").  18 U.S.C. § 3632(d)(4)(A).  Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation."  *Id*.  These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release."  *Id.*

Additionally, the FSA authorized the BOP to use a risk and needs assessment system, "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score.  *United States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who receive a minimum or low-risk score over two consecutive assessments earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas.").

Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs for programming or activities in which he or she participated in prior to the enactment of the FSA on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs for EBRR programming or PAs in which he or she participated in from December 21, 2018, to January 13, 2022.  *Id*.

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it

3

"plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**A. Mootness**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). Absent collateral consequences, a "habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064; *see also Kelley v. Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being redressed by a favorable judicial decision because the BOP has already calculated his FSA credits and released [the petitioner]. In other words, petitioner's case is moot absent demonstrable collateral consequences arising from BOP's calculation of his FSA credits."); *Fower v. Birkholz*, 2023 WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained the relief he sought in the Petition – release from BOP custody after the application of his FSA credits.").

Here, Lima was awarded FTC's and is no longer in BOP custody. Thus, the Petition is moot. Because the Petition is moot, the Court lacks jurisdiction to consider any claims raised in the Petition.

////

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 19) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:   July 26, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE